UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

VERSAH, LLC and
HUWAIS IP HOLDING LLC,

   Plaintiffs

v.

GLOBUS MEDICAL, INC.

   Defendant.

Case No. 2:24-cv-12842

Hon.

**JURY DEMANDED**

---

Endurance Law Group PLC
Bradley L. Smith (P48138)
156 W. Michigan Ave. Ste. 55
Jackson, MI  49201
bsmith@endurancelaw.com
(517 879-0253
*Attorneys for Plaintiff*

---

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs Versah, LLC (VERSAH) and Huwais IP Holding LLC (HIPH), through their attorneys, states the following for their complaint against defendant Globus Medical, Inc. (GLOBUS).

### Summary of Action

1. Versah and Globus are both in the business of selling drills for drilling, burring, removing, and otherwise manipulating bone and bone related tissue. This action arises from defendant GLOBUS's adoption and use of the trademark VERZA ("Accused Mark"), which closely resembles plaintiffs' registered trademark VERSAH and closely related registered derivative marks. GLOBUS's adoption of a phonetically identical version of VERSAH to sell drills intended for drilling human bone is likely to

1

cause confusion or mistake among relevant consumers as to the source or sponsorship of goods. Plaintiffs bring four counts against defendant: (1) trademark infringement under the federal Lanham Act (15 U.S.C. § 1114); (2) unfair competition under the federal Lanham Act (15 U.S.C. § 1125(a)); (3) unfair competition under common Michigan law; and (4) violation of the Michigan Consumer Protection Act (M.C.L. § 445.903). Plaintiffs have suffered damages as well as irreparable injury as a result of defendant's infringing activity and seek damages and injunctive relief.

## Parties, Jurisdiction and Venue

2. VERSAH is a Michigan Limited Liability Company having a principal place of business at 2000 Spring Arbor Rd. Suite D, Jackson, Michigan 49203.

3. HIPH is a Michigan limited liability company located at 4645 Eagle Drive in Jackson MI, 49201.

4. GLOBUS is a Delaware corporation. On information and belief, Globus has its principal place of business at 2560 General Armistead Ave, Audubon, Pennsylvania 19403.

5. This Court has subject matter jurisdiction over the claims arising under the Lanham Act, based on at least 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), because the Lanham Act claims arise under federal law.

6. This Court also has subject matter jurisdiction over all of the claims based on 28 U.S.C. § 1332 because HIPH and GLOBUS are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7. This Court also has jurisdiction over the state unfair competition claim under 28 U.S.C. § 1338(b) and under the remaining state law claims under 28 U.S.C. §

1367 because the state law claims are so related to the federal claims that they form part of the same case and controversy.

8. This Court has general personal jurisdiction over GLOBUS. Defendant's contacts with Michigan have been substantial, continuous and systematic. Since at least 2008, GLOBUS has been registered with Michigan Department of Licensing and Regulator Affairs to operate in Michigan as a foreign for-profit corporation, and has continually transacted business in Michigan. GLOBUS has appointed a resident agent in Michigan to accept service of legal process. On information and belief, GLOBUS sells its goods in Michigan, solicits sales and transacts business in Michigan, and employs one or more persons that reside and transact sales in Michigan.

9. This Court has specific personal jurisdiction over GLOBUS. GLOBUS has purposefully availed itself of the privilege of acting in Michigan, and has purposefully directed shipments of goods into Michigan that bear the Accused Mark VERZA. Its infringing activity has caused consequences in Michigan. Each of the counts in this Complaint arise from the defendant's activities in Michigan, on information and belief including actions of defendant's sales personnel in Michigan promoting sales of goods bearing the Accused Mark. The acts of GLOBUS or their consequences have a substantial enough connection with Michigan to make the exercise of jurisdiction over the defendant reasonable.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391(b)(2), (c)(2) and (d).

**Factual Allegations**

**Plaintiffs' Valuable Intellectual Property**

11. VERSAH was founded in April of 2014 by Dr. Salah Huwais, a practicing Periodontist in Jackson Michigan. Dr. Huwais created VERSAH in order to provide dental implant clinicians with an improved and unique way to prepare osteotomies to receive dental implants. The osteotomy is the hole formed in bone, here, the jaw bone, to prepare it to accept a screw-in dental implant.

12. While placing implants over his 18 years of practice, Dr. Huwais consistently experienced the limitations of excavating bone using conventional drills when preparing osteotomies. He thought that the traditional pre-implant osteotomy was unnecessarily traumatic to the jawbone and/or resulted in implants having poor initial stability. And so he began looking for a new way to prepare the jawbone for dental implants. His goal was to maintain healthy bone rather than excavate it as some traditional osteotomies did. In this way, he believed that healthy bone would be better able to maintain the foundational strength of the bone and thus support the dental implant.

13. "Osseodensification," a term coined by Dr. Huwais, is the procedure that led to the creation of VERSAH.  The procedure is accomplished using the proprietary instruments Dr. Huwais invented and named the Densah® Bur Kit.  Instead of drilling away bone, the Densah® Burs are rotated in reverse at high speed (800 to 1500 rpms) and, when coupled with irrigation, densify bone through compaction autografting or Osseodensification. While others in the implantology field were removing bone – effectively weakening and possibly injuring it – Dr.  Huwais rethought the entire

4

procedure and arrived at a revolutionary way to preserve healthy dental bone while preparing a hole for surgical intervention.

14. The result of the Densah® Burs is a consistently shaped and densified osteotomy. Consistent osteotomies and densification are important to implant primary stability and to early loading. Indeed, Dr. Huwais's proprietary osseodensification process was nothing less than a revolution in the dental implant field. After only 9 years since its commercial introduction, Dr. Huwais's osseodensification process is being practiced today all over the world.

15. HIPH is the owner of various intellectual property rights, including numerous patents and registered trademarks, and including those trademarks on which this action is based. HIPH has granted an exclusive license in the foregoing intellectual property to BRRTech, LLC while retaining rights in the licensed intellectual property. BRRTech in turn has granted a limited exclusive license for the dental field of use to VERSAH.

16. The IP license to VERSAH granted VERSAH the right to bring suit against third parties for infringement of the licensed intellectual property.

**Plaintiffs' Trademarks**

17. Plaintiff HIPH is the owner, and VERSAH is the licensee, of the following federal trademark registrations, all on the principal register, hereinafter "Plaintiffs' Marks":

5

| Mark | Reg. No. | Reg. Date | First Use | Goods/Services |
|---|---|---|---|---|
| VERSAH (word mark) | 4,696,795 | March 3, 2015 | November 2014 | Class: 010 Dental and medical drill bits for cutting teeth or bone; Dental burrs; Dental drill bits used in dental motors to enable dentists to cut or drill teeth; Dental drills; Dental instruments for use in preparing osteotomy; Dental instruments, namely, burrs and drilling bits; Drills for dental applications; Drills for dental use; Surgical apparatus and instruments for medical, dental or veterinary use; Surgical instruments and apparatus; Surgical instruments for use in preparing osteotomy; Surgical instruments, namely, burrs and drilling bits. |
| VERSAH (design mark) | 4,820,924 | Sept. 29, 2015 | November 2014 | Class: 010 Dental and medical drill bits for cutting teeth or bone; Dental burrs; Dental drill bits used in dental motors to enable dentists to cut or drill teeth; Dental drills; Dental instruments for use in preparing osteotomy; Dental instruments, namely, burrs and drilling bits; Drills for dental applications; Drills for dental use; Surgical apparatus and instruments for medical, dental or veterinary use; Surgical instruments and apparatus; Surgical instruments for use in preparing osteotomy; Surgical instruments, namely, burrs and drilling bits. |
| VERSAH THE OSSEODENSIFICATION COMPANY (word mark) | 4,809,930 | Sept. 8, 2015 | November 2014 | Class: 010 Dental and medical drill bits for cutting teeth or bone; Dental burrs; Dental drill bits used in dental motors to enable dentists to cut or drill teeth; Dental drills; Dental instruments for use in preparing osteotomy; Dental instruments, namely, burrs and drilling bits; Drills for dental applications; Drills for dental use; Surgical apparatus and instruments for medical, dental or veterinary use; Surgical instruments and apparatus; Surgical instruments for use in preparing osteotomy; Surgical instruments, namely, burrs and drilling bits. |
| VERSAH OD OSSEODENSIFICATION ACADEMY (design mark) | 6,070,916 | June 2, 2020 | January 2020 | Class: 041 Medical training and teaching; Training in the use and operation of dental implantology tools and consultation relating thereto |

18. True copies of the federal registrations for Plaintiffs' Marks are attached at Exhibit A.

19. All four Plaintiffs' Marks are valid. Moreover, the validity of the first three registrations, and Plaintiff HIPH's ownership of those marks, are incontestable under 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b).

20. Additionally, VERSAH and/or HIPH has valuable common law rights in Plaintiffs' Marks as used in connection with dental and medical drill bits and burrs. Many of these goods are featured on VERSAH's website www.versah.com, with the marks VERSAH (word) and VERSAH THE OSSEODENSIFICATION COMPANY (design) appearing on virtually every webpage.

21. Plaintiffs' Marks identify VERSAH as a source of dental burrs, drill bits, "Guided Surgery Systems," and many related accessories, as evident on VERSAH's website.

22. VERSAH's goods are offered to dental professionals throughout the United States and the world.

23. Plaintiffs' Marks have been advertised and promoted throughout the United States and the world, and have received recognition, publicity and media coverage.

24. As a consequence of the long and continuous use of Plaintiffs' Marks, relevant consumers and potential consumers of both dental and medical drill bits, burrs, and power drive devices readily identify Plaintiffs' Marks as indicating VERSAH as the source of goods provided thereunder.

25.     Plaintiffs have monitored and policed use of Plaintiffs' Marks and maintain control over their use.

**GLOBUS's Infringement of Plaintiffs' Marks**

26.     On or about June 14, 2023, GLOBUS applied to register the word mark VERZA with the U.S. Patent and Trademark Office, Serial No. 98/041763.  GLOBUS stated in its application that the Accused Mark is to be used for "Surgical apparatus and accessories, namely, high speed drills and drill bits for use in surgical procedures" in international class 010 – the same class as HIPH registered Plaintiffs' Marks.

27.     On or about November 13, 2023, GLOBUS filed a 510(k) form and narrative with the FDA, providing required premarket notification of its intent to market drills under the name VERZA.  GLOBUS stated in its 510(k):  "VERZA™ High Speed Drills are indicated for drilling, burring, removing, and otherwise manipulating hard tissue, bone, bone cement, prosthesis, implant, and other bone related tissue during spinal and orthopedic procedures."

28.     On information and belief, beginning about March, 2024, GLOBUS began actively marketing in the United States high speed drills for drilling, burring, and otherwise manipulating hard tissue including bone under the Accused Mark.  See GLOBUS Product Information Insert Sheet, VERZA high speed drills (Exhibit B) (bearing March 2024 revision date).

29.     On April 1, 2024, HIPH initiated an opposition proceeding against GLOBUS's attempt to register VERZA at the United States Trademark Trial and Appeal Board, Opposition No. 91290683.

30. Notwithstanding notice of the opposition, GLOBUS continues to use the Accused Mark to sell high speed drills and drill bits. Reproduced below is the cover page of the "VERZA User Manual Supplement," retrieved from defendant's website on October 17, 2024. The entire User Manual Supplement is attached as Exhibit C.



31. The Accused Mark is phonetically identical to plaintiffs' VERSAH mark, which VERSAH has used, and continues to use, in commerce in connection with the sales of drills intended for drilling human bone.

32. GLOBUS uses the VERZA mark in interstate commerce in connection with selling drills intended for drilling human bone.

33. GLOBUS is using the Accused Mark without permission or authority from plaintiffs.

34. Upon viewing or hearing the Accused Mark, relevant consumers are likely to believe that Defendant's goods originate with, or are sponsored or approved by, VERSAH and/or HIPH.

35. Plaintiff's Mark has priority over the Accused Mark. Plaintiffs' use of VERSAH began almost a decade before GLOBUS began using VERZA to market its drills and related equipment.

36. Plaintiffs' VERSAH trademark is strong and commands a great deal of goodwill and secondary meaning with consumers in the United States.

37. GLOBUS's use of a phonetically identical trademark to sell drills is likely to cause confusion with Plaintiffs' Marks and its sale of drill bits and burs and related accessories. GLOBUS's use of the Accused Mark is also likely to mislead and deceive consumers as to the source, sponsorship or affiliation of defendant's goods. There is a substantial likelihood of confusion between Plaintiffs' Marks and the Accused Mark.

38. If GLOBUS is permitted to continue to promote and sell its goods by infringing Plaintiffs' Marks, plaintiffs will continue to suffer irreparable harm for which there is no adequate remedy at law.

39. On information and belief, defendant GLOBUS has realized new business and profits as a result of promoting and identifying its business infringing Plaintiffs' Mark.

**COUNT 1
TRADEMARK INFRINGEMENT LANHAM ACT – 15 USC § 1114(1)**

40. Plaintiffs incorporate all prior paragraphs.

41. Plaintiff HIPH exclusively owns Plaintiffs' Marks.

42. Plaintiff VERSAH has exclusive rights to use Plaintiffs' Marks in the dental field.

43. VERSAH has used Plaintiffs' Marks in interstate commerce in connection with the sale and promotion of its drills and burs, related accessories, as well as educational services, relating to drilling human bone.

44. Upon information and belief, Defendant's unauthorized use of colorable imitations of the Plaintiffs' Marks has caused, and likely will cause, confusion, mistake, or deception in the relevant consumer market.

45. Defendant's unauthorized use of colorable imitations of the Plaintiffs' Marks constitutes trademark infringement in violation of 15 U.S.C. §§ 1114 and 1117.

46. Defendant's infringing acts have caused and will continue to cause Plaintiff VERSAH to suffer irreparable injuries to its reputation and goodwill. Plaintiffs do not have an adequate remedy at law to recover for this harm, and therefore, Plaintiffs are entitled to injunctive relief.

47. At least since April 1, 2024, defendant's infringement has been willful.

48. This is an exceptional case pursuant to 15 U.S.C. § 1117.

49. By reason of the above, plaintiffs are entitled to injunctive relief against defendant that permanently restrains defendant from further acts of trademark infringement and to any damages that have been caused by defendant's aforementioned acts, including but not limited to, treble damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1117.

### COUNT II
### FEDERAL UNFAIR COMPETITION LANHAM ACT – 15 U.S.C. § 1125(A)

50. Plaintiffs incorporate all prior paragraphs.

51. Defendant's intentional commercial use of the Accused Mark constitutes a false designation of origin, a false or misleading description of fact, and a false or

misleading representation of fact, and has, upon information and belief, caused and is likely to cause confusion, mistake, and deception as to the following:

    a. the affiliation, connection, or association of GLOBUS with plaintiffs and the Plaintiffs' Common Law Trade Dress;

    b. the origin, sponsorship, or approval of DNB by Plaintiffs; and

    c. the nature, characteristics, or qualities of defendant's goods and services that bear or are sold in connection with the Accused Mark.

52. Defendant knew or should have known of Plaintiffs' rights in Plaintiffs' Marks.

53. Defendant's conduct as alleged herein constitutes unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54. Defendant's conduct as alleged herein has caused and will continue to cause immediate and irreparable injuries to VERSAH's reputation and goodwill. Plaintiffs has no adequate remedy at law to recover for this harm, and is therefore entitled to injunctive relief under 15 U.S.C. § 1116.

55. By reason of the above, plaintiffs are entitled to injunctive relief against defendant that permanently restrains defendant from further acts of trademark infringement and to any damages that have been caused by defendant's aforementioned acts, including but not limited to, treble damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1117.

### COUNT III UNFAIR COMPETITION
### VIOLATION OF MICHIGAN COMMON LAW

56. Plaintiffs incorporate all prior paragraphs

57. By virtue of defendant's acts hereinabove pleaded, defendant has engaged in unfair competition in violation of Michigan common law. Defendant's use of

the Accused Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendant with plaintiffs and as to the origin, sponsorship, endorsement, or approval by plaintiffs of defendant's products and its other commercial activity. Confusion is likely to occur if defendant's use in commerce of the Accused Mark does not stop.

58. GLOBUS's unauthorized use of a colorable imitation of Plaintiffs' Mark constitutes trademark infringement under Michigan common law.

59. Defendant's unauthorized use of the Accused Mark in connection with goods that are identical or substantially similar and highly related to VERSAH's goods jeopardizes the entire goodwill symbolized by the Plaintiffs' Marks, causing immediate, serious, and irreparable injury to plaintiffs, for which plaintiffs have no adequate remedy at law.

## COUNT IV
### VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT, M.C.L. § 445.903

60. Plaintiffs incorporate all prior paragraphs.

61. By virtue of defendant's acts hereinabove pleaded, GLOBUS is in violation of Michigan Consumer Protection Act.

62. Defendant's use of the Accused Mark is unfair, unconscionable, or deceptive and likely to cause confusion, or to cause mistake, or to deceive as to the source, sponsorship, approval, or certification of defendant's goods.

63. Defendant's unauthorized use of the Accused Mark in connection with goods that are identical or substantially similar and highly related to plaintiffs' goods jeopardizes the entire goodwill symbolized by the Plaintiffs' Marks, causing immediate,

serious, and irreparable injury to plaintiffs, for which plaintiffs do not have an adequate remedy at law.

64. The Accused Mark is a colorable imitation of Plaintiffs' Marks.

65. GLOBUS's unauthorized use of a colorable imitation of Plaintiffs' Marks has caused actual confusion among consumers of veterinary services in Michigan over the source, affiliation or sponsorship of those services.

66. On information and belief, GLOBUS's use of the Accused Mark will likely cause substantial confusion, mistake, or deception among consumers of veterinary services in northern Michigan over the source, affiliation or sponsorship of those services.

**PRAYER FOR RELIEF**

WHEREFORE, VERSAH and HIPH pray that this Court enter an order and judgment in its favor and against GLOBUS as follows:

A. That defendant has infringed Plaintiffs' Marks in violation of 15 U.S.C. § 1125(A).

B. That defendant's use of the Accused Mark constitutes unfair competition under 15 U.S.C. § 1125(A) and Michigan common law.

C. That defendant's use of the Accused Mark violates the Michigan Consumer Protection Act, MCL § 445.903.

D. That Defendant, its agents, servants, employees, attorneys, and all persons in active concert or participation with them, be permanently enjoined and restrained from:

　i. Using the Accused Mark or any variation thereof;
　ii. Using any mark that is confusingly similar to, or a colorable imitation of, Plaintiffs' Marks; and
　iii. Otherwise infringing Plaintiffs' Marks.

E. That defendant's infringement of Plaintiffs' Marks has been willful.

F. That defendant pay plaintiffs such damages, statutory or otherwise, together with pre-judgment interest thereon, as plaintiffs have sustained as a consequence of defendant's wrongful acts.

G. That defendant pay to plaintiffs their reasonable attorney's fees, expenses and costs incurred in this action.

H. That defendant deliver up for impoundment, and for destruction upon entry of judgment, all products, advertising, marketing materials, writings, signage, artwork, and other material, including media, which infringe plaintiffs' rights, falsely designate its source or origin, or otherwise facilitate defendant's infringement of Plaintiffs' Marks.

I. That Defendant be directed to file with this Court and serve on plaintiffs within thirty (30) days after the service of an injunction, a written report under oath setting forth in detail the manner and form in which defendant has complied with this injunction.

J. That plaintiffs be granted such further relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff hereby demands a jury for all claims so triable.

Endurance Law Group PLC

Bradley L. Smith (P48138)
156 W. Michigan Ave., Ste. 55
Jackson, MI  49201
bsmith@endurancelaw.com
(517) 879-0253